


IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DR. BRUCE YACYSHYN, M.D.<br>65 Winterberry Lane<br>Moreland Hills, OH 44022<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY J. PRINCIPI<br>Secretary, Department<br>of Veteran Affairs<br>810 Vermont Ave. NW<br>Washington, DC 20420<br><br>and<br><br>LOUIS STOKES VETERANS AFFAIRS<br>MEDICAL CENTER<br>c/o William Montague<br>Medical Center Director<br>10701 East Boulevard<br>Cleveland, OH 44106<br><br>and<br><br>UNIVERSITY HOSPITALS<br>OF CLEVELAND<br>c/o its statutory agent<br>Janet Miller<br>10524 Euclid Avenue, Suite 1100<br>Cleveland, OH 44106 | CASE NO. 1:04CV2091<br><br>JUDGE JUDGE MANOS<br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL<br><br>MAG. JUDGE MCHARGH |

|  |  |
|---|---|
| and | ) |
|  | ) |
|  | ) |
| UNIVERSITY PHYSICIANS, INC. | ) |
| c/o its statutory agent | ) |
| Frederick A. Creighton | ) |
| 11001 Cedar Avenue, Suite 308 | ) |
| Cleveland, OH 44106 | ) |
|  | ) |
| Defendants. | ) |

## INTRODUCTION

1. This action is a proceeding for declaratory judgment and injunctive relief brought pursuant to the provisions of 28 U.S.C. §1331 and 28 U.S.C. §§ 2201 and 2202 for the purpose of obtaining a declaration of rights, status or other legal relations under an employment agreement and Federal law; an action for a violation of the Equal Protection Clause of the United States Constitution; and actions for fraudulent inducement and negligent misrepresentation.

2. Plaintiffs and Defendants were parties to an employment agreement in which Dr. Bruce Yacyshyn was offered full time employment in a joint offer simultaneously made by the Case Western Reserve University School of Medicine, the Louis Stokes Veterans Affairs Medical Center, and University Hospitals of Cleveland.

3. An actual controversy exists between the parties as to whether:

   a. Dr. Yacyshyn is a full time or part time employee of the Louis Stokes Veterans Affairs Medical Center.

   b. Dr. Yacyshyn is an "at-will" employee of University Physicians Inc.

   c. Dr. Yacyshyn's Medical Staff privileges may be terminated by University Hospitals of Cleveland without complying with Federal Regulations.

416363-1

2

d. 38 U.S.C. §§7402(c), 7405 and the VA's implementing regulations, bylaws, and guidelines are violative of the 14th Amendment of the United States Constitution.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Dr. Bruce Yacyshyn ("Dr. Yacyshyn") is a Medical Doctor, specializing in the field of Gastroenterology. Dr. Yacyshyn resides at 65 Winterberry Lane, Moreland Hills, OH 44022.

5. Dr. Yacyshyn is a Canadian citizen who is a permanent resident alien of the United States. Dr. Yacyshyn is married to an American citizen and has three children who are American citizens.

6. Defendant Anthony J. Principi is the Secretary of the Department of Veterans Affairs, located at 810 Vermont Ave. NW, Washington D.C., 20420.

7. The Department of Veteran Affairs is an agency of the United States operating the Louis Stokes Veterans Affairs Medical Center.

8. Louis Stokes Veterans Affairs Medical Center is a hospital operated by the Department of Veterans Affairs, located at 10701 East Boulevard, Cleveland, OH 44106.

9. Defendant University Hospitals of Cleveland ("UHC") is a privately owned and operated hospital, its address being 10524 Euclid Avenue, Suite 1100, Cleveland, OH 44106.

10. Defendant University Physicians Inc. ("UPI") is a privately owned corporation, its address being 1101 Cedar Avenue, Suite 308, Cleveland, OH, 44106, and is the practice plan for the UHC Department of Medicine.

11. Jurisdiction and venue are proper because pursuant to 28 U.S.C. § 1331 "the district courts shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States." At issue here is the employment status of Dr. Yacyshyn under Title 38 of the United States Code and the rights afforded him under the United States Constitution. Dr. Yacyshyn is a resident of the Eastern District of Ohio, and all services performed under this employment agreement have taken place in Cuyahoga County, Ohio. Moreover, UHC and UPI are located in Cuyahoga County, Ohio, as is the Louis Stokes Veterans Affairs Medical Center.

12. The amount in controversy exceeds $75,000.00.

## THE AGREEMENT

13. On April 23, 2001, Dr. Yacyshyn was extended an offer of faculty appointment at Case Western Reserve University ("CWRU") School of Medicine in the Department of Medicine, Division of Gastroenterology, and appointment to the staff of the Louis Stokes Veterans Affairs Medical Center ("VAMC") as Chief of the Section of Gastroenterology, and appointment to the Medical Staff of UHC. A copy of this letter is attached and incorporated as Exhibit A.

14. Dr. Yacyshyn was offered this position as part of one employment offer. Throughout the employment offer, the entities refer to themselves as "we" and do not set forth separate offers. The letter appears on University Hospital Health Systems/University Hospitals of Cleveland and CWRU School of Medicine letterhead, and refers to "our Veterans Affairs Medical Center." See Exhibit A.

15. The employment offer is signed by four individuals, Michael V. Sivak, Jr., M.D., Chief of the Division of Gastroenterology at UHC, Richard A. Walsh, M.D., Chairman and Physician-in-Chief, Department of Medicine, Louis B. Rice, M.D., Chief of Medicine at the VAMC, and Murray D. Altose, M.D., Chief of Staff at the VAMC. See Exhibit A.

416363-1

4

16. The employment offer does not state that the position is part time in regards to Dr. Yacyshyn. Pursuant to Exhibit A, he was to spend 5/8ths of his time at the VAMC, 2/8ths of his time at UHC and 1/8th of his time at CWRU, and it is clear from the hours worked and duties performed that Dr. Yacyshyn is a full time employee jointly of the VAMC and UHC and should be treated as a full time employee under Title 38 of the United States Code.

17. Dr. Yacyshyn's employment benefits, including a pension plan, health benefits, life insurance, and disability insurance for himself and his family would be paid by the VAMC.

18. Dr. Yacyshyn's malpractice insurance premiums with respect to his clinical activities performed at UHC would be paid by UPI.

19. Dr. Yacyshyn's salary would be paid collectively by the VAMC, CWRU and UPI.

20. The employment letter made no reference to his citizenship or any limitations of his rights under the employment agreement

21. Dr. Yacyshyn accepted the offer of employment and began work in July of 2002.

22. Before accepting the offer, Dr .Yacyshyn was a tenured associate professor at the University of Alberta earning approximately $340,000 (Canadian) per annum with a benefits package equivalent to 28% of his salary.

23. Since his hiring, Dr. Yacyshyn has carried a full work schedule at the VAMC. Dr. Yacyshyn has worked in the neighborhood of 32-40 hours per week at the VAMC since he began his employment. Although a June 27, 2002 letter from the VAMC states that Dr. Yacyshyn's hours would "not exceed 1,300 Hours Per Annum" as a "part-time" employee, he consistently recorded more hours during the course of his employment, working more than 1800

hours on average in the last two years. A copy of the June 27 letter is attached and incorporated as Exhibit B.

24. Unlike the VAMC, UHC has never insisted that Dr. Yacyshyn is anything less than a full time employee. In a Medical Staff reappointment letter dated April 7, 2003, UHC notes that Dr. Yacyshyn's status is "Full Time." A copy of the April 7 letter is attached and is incorporated as Exhibit C. Dr. Yacyshyn's Faculty appointment by UHC and CWRU was also "Full Time." Please see Exhibit C.

## DENIAL OF PRIVILEGES AND TERMINATION

25. In November of 2002 Dr. Yacyshyn was relieved of his duties as Section Chief of Gastroenterology at the VAMC and given no notice or opportunity to pursue his due process rights to challenge this decision.

26. Dr. Yacyshyn was relieved of his duties as Section Chief as a result of political infighting at the VAMC.

27. Applicable statutes and/or regulations require health care institutions to provide a physician with procedural due process before his medical staff privileges may be adversely effected.

28. Only physicians who are United States citizens are afforded such procedural due process rights.

29. The VAMC requires that employed physicians reapply for their Medical Staff privileges every two years as part of their Bylaws. On June 24, 2004 Dr. Yacyshyn was notified that his application for renewal of privileges had been denied by the VAMC.

30. There was no good faith basis for the failure to renew Dr. Yacyshyn's privileges.

31. Dr. Yacyshyn was allowed to appeal only whether the non-renewal of his privileges would be reported to the National Practitioners Data Bank ("NPDB"). Dr. Yacyshyn was scheduled for a hearing on September 23, 2004 at the VAMC, but this hearing was postponed due to the fact that the hearing panel was not organized consistent with the requirements of VHA Handbook Section 1100.19 (6)(g)(2)(d). A copy of this Bylaw is attached and is incorporated as Exhibit D.

32. According to VHA Handbook Section 1100.19 (6)(g)(3), full-time physicians are entitled to a due process hearing regarding adverse actions concerning their privileges, not just whether a report should be made to the NPDB. See Exhibit D.

33. No such rights were afforded to Dr. Yacyshyn.

34. On September 20, 2004, Dr. Yacyshyn's privileges were terminated by UHC based on the same allegations that were the basis of the VAMC's denial of privileges. This termination triggered another set of possible NPDB and State Licensing Board ("SLB") reports over the exact same set of allegations that are the subject of the VAMC's present proceedings. Essentially, Dr. Yacyshyn is being subjected to two separate proceedings involving the same set of allegations.

35. Dr. Yacyshyn has until October 22, 2004 to appeal his termination from UHC, according to the UHC Medical Staff Bylaws. However, the UHC Medical Staff Bylaws are inconsistent with the Federal regulations applicable to Dr. Yacyshyn's employment. Further, because both hearings are based on the same allegations, it is burdensome and prejudicial to Dr. Yacyshyn to be compelled to participate in separate due process proceedings relating to the same employment.

36. On July 26, 2004 UPI terminated its relationship with Dr. Yacyshyn. By letter, UPI claimed that Dr. Yacyshyn is an "at-will employee." A copy of this letter is attached and is incorporated as Exhibit E.

37. Because of the joint employment agreement with the VAMC, UPI cannot assert that Dr. Yacyshyn is terminable at will because it is bound by the same rules and regulations that are applicable to the VAMC.

38. VAMC has threatened to terminate Dr. Yacyshyn's employment, and if it does, Dr. Yacyshyn should be accorded all procedural rights afforded to full time employees.

## COUNT 1

## DECLARATORY JUDGMENT AGAINST THE VAMC, DR. MONTAGUE, UHHS AND UHC

39. Plaintiff incorporates by reference paragraphs 1 through 38 above.

40. This is an action for declaratory judgment and other further necessary or proper relief under 28 U.S.C. §§ 2201 and 2202.

41. Dr. Yacyshyn sues the Secretary of the Department Veterans Affairs in his representative capacity, the VAMC, UHHS and UHC for judgment to declare Dr. Yacyshyn's employment status under Title 38 of the United States Code and his rights under the United States Constitution, as well as the contractual relationship between Dr. Yacyshyn and his employers, and between the employers themselves.

42. Dr. Yacyshyn asks this Court to declare that he is a full time employee and afforded all rights available to U.S. citizens.

## COUNT II

## VIOLATIONS OF THE EQUAL PROTECTION CLAUSE

43. Plaintiff incorporates by reference paragraphs 1 through 42 above.

416363-1

8

44. The 14th Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

45. The 14th Amendment applies to resident aliens living and working in the United States.

46. Physicians who are employed by the VAMC pursuant to 38 U.S.C. §7401 and are United States citizens are entitled to procedural due process under VHA Handbook 1100.19 before adverse action concerning their privileges is taken.

47. Physicians who are employed by VAMC and are not United States citizens are not, pursuant to existing regulations, entitled to procedural due process before adverse action concerning their privileges is taken.

48. Dr. Yacyshyn's privileges were adversely effected without adequate notice or hearing.

49. But for his citizenship, Dr. Yacyshyn would have been entitled to notice and hearing before his privileges were adversely effected by VAMC.

50. Because of his citizenship, Dr. Yacyshyn was terminated without adequate due process in violation of the 14th Amendment of the United States Constitution, although Dr. Yacyshyn is entitled to the same equal protection of the laws as a United States citizen.

## COUNT III

### FRAUDULENT INDUCEMENT AND NEGLIGENT MISREPRESENTATION

51. Plaintiff incorporates by reference paragraphs 1 through 50 above.

52. At no point prior to Dr. Yacyshyn's hiring did anyone with the VAMC or UHC disclose to him that his due process rights would be substantially limited as a non-U.S. citizen. The position offered to Dr. Yacyshyn was represented to him as one of a full time physician with

the same rights and benefits afforded to all other full time physicians. The fact that Dr. Yacyshyn's Medical Staff privileges could be adversely affected without a due process hearing was never disclosed by the VAMC or UHC.

53. Defendants knew or should have known Dr. Yacyshyn's procedural rights were, in Defendant's view, severely limited as a part time non-U.S. citizen employee.

54. Defendants failed to disclose to Dr. Yacyshyn the limitations of his rights as a non-U.S. citizen employee.

55. Dr. Yacyshyn reasonably relied on the oral and written descriptions as accurate and adequate descriptions of the position.

56. Dr. Yacyshyn accepted this position based on these representations, at a substantial personal and economic cost. Dr. Yacyshyn accepted this position relying on the assurances made to him that a long term career with enhanced research capabilities and exposure would result from this position.

57. The failure to disclose the severely limited rights that the Defendants believe are applicable to Dr. Yacyshyn is material.

58. Defendants' failed to exercise reasonable care and competence in communicating the details of the position to Dr. Yacyshyn was material.

59. Had the VAMC or UHC disclosed the fact that Dr. Yacyshyn could have his Medical Staff Privileges adversely affected without a hearing, and the other limited rights given to a part time employee or a non-U.S. citizen, Dr. Yacyshyn would not have accepted the position at the VAMC and UHC.

60. As a result of the failure to disclose adequately the rights of Dr. Yacyshyn's employment, and by virtue of Dr. Yacyshyn's reliance upon the representations made to him, Dr. Yacyshyn was induced to accept the position.

61. As a result of the fraudulent inducement and/or negligent misrepresentation, Dr. Yacyshyn suffered damages.

**WHEREFORE** Plaintiff demands:

1) That the Court adjudge and declare that:

   a. Dr. Yacyshyn is a full-time employee of Defendants under Title 38 of the United States Code and is entitled to all due process and other rights bestowed upon full-time employees; and,

   b. UHC cannot terminate Dr. Yacyshyn's clinical privileges pursuant to UHC Bylaws because it is bound by the same rules and regulations as the VAMC.

   c. Dr. Yacyshyn be subject to only one hearing process, conducted pursuant to applicable VAMC rules and regulations.

   d. That UPI must comply with the rules and regulations regarding employment applicable to the VAMC, Dr. Yacyshyn is not an "at-will" employee of UPI, cannot be terminated at will, and should be reinstated with back pay.

   e. 38 U.S.C. §§7402(c), 7405 and the VAMC's implementing regulations, bylaws, and guidelines are violative of the 14th Amendment of the United States Constitution.

2) Monetary damages on Plaintiff's claim for Fraudulent Inducement and Negligent Misrepresentation for an amount to be proven at trial.

Plaintiff further demands such other and further or different relief as the Court may deem just and proper, together with an award of its costs, attorney fees, and pre-judgment and post-judgment interest for pursuing this relief.

Respectfully submitted,

Michael J. Jordan (#0026873)
email: mjordan@walterhav.com
WALTER & HAVERFIELD LLP
1301 East Ninth Street, Suite 3500
Cleveland, Ohio 44114-1821
(216) 781-1212
(216) 575-0911 (facsimile)
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Respectfully submitted,

_____
Michael J. Jordan (#0026873)
email: mjordan@walterhav.com
WALTER & HAVERFIELD LLP
1301 East Ninth Street, Suite 3500
Cleveland, Ohio 44114-1821
(216) 781-1212
(216) 575-0911 (facsimile)
Attorneys for Plaintiff