IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. BRUCE YACYSHYN, M.D., | ) | CASE NO.  1:04CV2091 |
| | ) | |
| Plaintiff, | ) | JUDGE MANOS |
| | ) | |
| v. | ) | MAG. JUDGE McHARGH |
| | ) | |
| ANTHONY J. PRINCIPI, et al., | ) | <u>MEMORANDUM IN SUPPORT OF</u> |
| | ) | <u>MOTION TO DISMISS AND</u> |
| Defendants. | ) | <u>ALTERNATIVE MOTION FOR SUMMARY</u> |
| | ) | <u>JUDGMENT</u> |

i

## TABLE OF CONTENTS

INTRODUCTION....................................................1

BACKGROUND......................................................1

  OPERATIVE FACTS...............................................1

  THE STATUTORY SCHEME GOVERNING PLAINTIFF'S FEDERAL
  EMPLOYMENT...................................................4

  PLAINTIFF'S DUE PROCESS RIGHTS UNDER THE VHA HANDBOOK......5

LAW AND ARGUMENT................................................6

  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
  RELIEF CAN BE GRANTED........................................6

  THE DECLARATORY JUDGMENT ACT DOES NOT CONFER JURISDICTION
  ON THIS COURT...............................................11

  THE COURT LACKS SUBJECT MATTER JURISDICTION FOR LACK OF
  STANDING AND RIPENESS.......................................12

  PLAINTIFF'S COMPLAINT FAILS TO STATE AN EQUAL PROTECTION
  VIOLATION...................................................13

  THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
  PLAINTIFF'S CLAIMS FOR FRAUDULENT INDUCEMENT AND NEGLIGENT
  MISREPRESENTATION, AND/OR THE COMPLAINT FAILS TO STATE A
  CLAIM UPON WHICH RELIEF CAN BE GRANTED.....................14

CONCLUSION.....................................................16

ii

TABLE OF AUTHORITIES

Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974).......13

Lehigh Mining & Mfg. Co. v Kelly, 160 U.S. 327 (1895).........14

Louisville and Nashville R.R. Company v. Donovan,
      713 F.2d 1243 (6th Cir. 1983)...........................11

McNutt v. Gen. Motors Acceptance Corp. of Indiana,
      298 U.S. 178 (1936)......................................14

Medical Society of New Jersey v. Herr,
      191 F. Supp. 2d 574 (D.N.J. 2002).......................13

Meeker v. United States, 435 F. 2d 1219 (8th Cir. 1970).......15

Memphis A. Fed. Of  Teachers, Local 2032 v. Board of Educ. Of
      Memphis City Schools, 534 F. 2d 699 (6th Cir. 1976)......14

Quilico v. Kaplan, 749 F.2d 480 (7th Cir. 1984)...............7

Schlessinger v. Reservists' Committee to Stop the War,
      418 U.S. 208 (1974).......................................12

Skelly Oil Co. v. Phillips Petroleum Co.,
      339 U.S. 667 (1950).......................................11

Stanley v. Avery, 387 F.2d 637 (6th Cir. 1968)...............11

Stanley v. Avery, 390 U.S. 1044 (6th Cir. 1968) .............11

Sturgell v. Creasy, 640 F.2d 843 (6th Cir. 1981).............13

Taylor v. U.S., 320 F.2d 843 (9th Cir. 1963)................13

Taylor v. U.S., 376 U.S. 916 (9th Cir. 1964) ................13

United States v. Bellsouth Telecomm. Inc.,
      123 F. 3d 935 (6th Cir. 1997)...........................14

Woods v. Milner, 760 F. Supp. 623
      (E.D.Mich. 1991)...........iv, 6, 7, 8, 10, 11, 12, 14, 15

Woods v. Milner, 955 F.2d 436
      (6th Cir. 1992)...................iv, 6, 9, 10, 11, 12, 14

iii

STATUTES

28 U.S.C. § 2201...........................................1, 11

28 U.S.C. § 2202...........................................1, 11

28 U.S.C. §§ 2671............................................15

28 U.S.C. § 2672............................................15

28 U.S.C. § 2673............................................15

28 U.S.C. § 2674............................................15

28 U.S.C. § 2675............................................15

28 U.S.C. § 2675(a).........................................15

28 U.S.C. § 2676............................................15

28 U.S.C. § 2677............................................15

28 U.S.C. § 2678............................................15

28 U.S.C. § 2679.........................................15, 16

28 U.S.C. § 2680............................................15

28 U.S.C. § 2680(a).........................................15

28 U.S.C. § 2680(h).........................................15

38 U.S.C. § 7407(a)..........................................4

38 U.S.C. § 7402(b)(1).......................................4

38 U.S.C. § 7402(c)..............................1, 4, 7, 13

38 U.S.C. § 7403.....................................4, 5, 7

38 U.S.C. § 7405.........................1, 4, 5, 7, 9, 13

38 U.S.C. § 7406.............................................7

38 U.S.C. § 7407(a)..........................................4

iv

## STATEMENT OF ISSUES

I.    WHETHER THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
      RELIEF CAN BE GRANTED PURSUANT TO WOODS V. MILNER, 760 F.
      SUPP. 623 (E.D. MICH. 1991), AFF'D, 955 F.2D 436 (6TH CIR.
      1992).

II.   WHETHER THE COURT HAS JURISDICTION PURSUANT TO THE
      DECLARATORY JUDGMENT ACT.

III.  WHETHER PLAINTIFF HAS STANDING AND WHETHER THE CASE IS RIPE
      FOR JUDICIAL REVIEW.

IV.   WHETHER THE COMPLAINT STATES AN EQUAL PROTECTION VIOLATION.

V.    WHETHER THE COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIM
      FOR FRAUDULENT INDUCEMENT AND NEGLIGENT MISREPRESENTATION,
      AND/OR WHETHER THE COMPLAINT FAILS TO STATE A CLAIM UPON
      WHICH RELIEF CAN BE GRANTED.

## SUMMARY OF ARGUMENT

The holding in Woods v. Milner, 760 F. Supp. 623 (E.D. Mich.
1991), aff'd, 955 F.2d 436 (6th Cir. 1992), generally is
dispositive of the issues in this case.  The Court lacks subject
matter jurisdiction because: (a) the Declaratory Judgment Act is
not an independent basis of jurisdiction; (b) Plaintiff lacks
standing to pursue his Equal Protection claims for lack of a
concrete injury; (c) the case is not ripe for judicial review due
to lack of final agency action; and (d) Plaintiff has failed to
exhaust administrative remedies on his claim for fraudulent

v

inducement and negligent misrepresentation.  Moreover, the
Complaint fails to state a claim upon which relief can be granted
on Plaintiff's Equal Protection, contract and/or tort claims.

## I.  INTRODUCTION

This is a case arising out of Plaintiff's employment with the Cleveland VA Medical Center (VAMC), United States Department of Veterans Affairs (VA); University Hospitals of Cleveland (UHC); and Case Western Reserve University School of Medicine (CWRU).  Plaintiff seeks a declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202; a determination that 38 U.S.C. §§ 7402(c) and 7405 are violative of the Fourteenth Amendment of the United States Constitution; and monetary damages for alleged fraudulent inducement and negligent misrepresentation.  The federal Defendants now move to dismiss Plaintiff's Complaint against them for the reasons set forth below.

## II.  BACKGROUND

### A.  OPERATIVE FACTS

Plaintiff began his employment with the VAMC effective June 30, 2002, pursuant to a temporary appointment not to exceed three years (6/29/05). See Complaint, Exh. B.  Plaintiff was specifically employed by the VAMC on a part-time basis at the five-eighths level, not to exceed 1,300 hours per annum. See Complaint, Exhs. A and B.  In conjunction with his employment by the VAMC, he also was offered part-time positions at UHC and CWRU. See Complaint Exh. A.

On June 24, 2004, Plaintiff was notified that his

1

application for renewal of hospital privileges at the VAMC had been denied.  See Complaint ¶ 29.  Pursuant to VHA Handbook 1100.19, an excerpt from which is attached to Plaintiff's Complaint as Exhibit D,[1] any action which adversely affects a practitioner's clinical privileges is reportable to the National Practitioner's Data Bank (NPDB).  See Exh. D, ¶ g(1)(d).  In accordance with paragraphs g(3)(a) and g(2) of the VHA Handbook, Plaintiff subsequently requested a hearing as provided by paragraph g(2).  See Complaint, Exh. D.

The hearing was scheduled for September 23, 2004, before a review panel of three physicians.  On August 27, 2004, Plaintiff and his attorney were notified of the date and composition of the review panel.  Pursuant to paragraph g(2)(d) of the VHA Handbook, the review panel must consist of three professionals, at least two of whom are members of the same profession.

On the day of the scheduled hearing Plaintiff objected to the composition of the review panel, demanding that the panel should be composed of at least two members of his same specialty, gastroenterology.  Accordingly, the hearing was postponed and has not yet been rescheduled pending identification and appointment of two gastroenterologists to serve on the review panel.  See,

---

[1] The excerpt attached to the Complaint is from paragraph 6 of the VHA Handbook.  Hereinafter, this Memorandum will refer only to the numbered and lettered paragraphs contained in Exhibit D.

2

Declaration of George Bauer at ¶ 3, attached hereto as Gov't Exh. 1.

In his Complaint Plaintiff alleges that full-time physicians are entitled to a due process hearing regarding adverse actions concerning their privileges and that no such rights were afforded to him. See Complaint ¶¶ 32-33.  He acknowledges that he is still employed by the VAMC but demands that if he eventually is terminated he "should be accorded all procedural rights afforded to full-time employees." See Complaint ¶ 38.

Plaintiff seeks a judgment declaring (a) his employment status under Title 38 of the United States Code, (b) his rights under the United States Constitution, (c) the contractual relationship with his employers and (d) that he is a full-time employee and afforded all rights available to U.S. citizens. See Complaint ¶¶ 41-42.  He also asserts a claim for alleged violation of the equal protection clause of the Fourteenth Amendment based upon the premise that the VA statutes and regulations provide different procedural due process rights dependant upon citizenship. See Complaint §§ 46-50.  Finally, he also asserts a claim for fraudulent inducement and/or negligent misrepresentation for failure to disclose what he alleges are "limitations on his rights as a non-U.S. citizen employee." See Complaint ¶ 54.

Although Plaintiff's privileges have not been renewed, he

remains within the employment of the VAMC performing research functions. <u>See</u> Bauer Decl. at ¶ 4.

B.  <u>THE STATUTORY SCHEME GOVERNING</u>
<u>PLAINTIFF'S FEDERAL EMPLOYMENT</u>

The authority for professional staffing of VA medical facilities is contained at chapter 74 of Title 38 of the United States Code.  Physicians who meet the qualifications set forth at 38 U.S.C. § 7402(b)(1) and (c) may receive permanent appointments pursuant to 38 U.S.C. § 7403.  Except as provided at 38 U.S.C. § 7407(a), a person may not be appointed to the position of physician "unless the person is a citizen of the United States." 38 U.S.C. § 7402(c).

Section 7407(a) of Title 38 provides that:

> When the Undersecretary for Health determines that it is not possible to recruit qualified citizens for the necessary services, appointments under Sections 7405 and 7406 of this Title may be made without regard to the citizenship requirements of Section 7402(c) of this Title or any other law prohibiting the employment of, or payment of compensation to, a person who is not a citizen of the United States.

Section 7405 in turn provides that:

> (a) The Secretary, upon recommendation of the Undersecretary for Health, may employ, without regard to civil service or classification laws, rules, or regulations, personnel as follows:
>
> > (1) On a temporary full-time basis, part-time basis, or without compensation basis, persons in the following position:
> >
> > > (A) Positions listed in Section 7401(1) of this Title.

4

As a non-U.S. citizen Plaintiff was not eligible for a permanent appointment under 38 U.S.C. § 7403.  Therefore, his appointment to the VAMC was made pursuant to 38 U.S.C. § 7405. <u>See</u>, <u>also</u>, Bauer Decl. at ¶ 2.

C.  <u>PLAINTIFF'S DUE PROCESS RIGHTS UNDER THE VHA HANDBOOK</u>

VHA Handbook 1100.19 makes no distinction between full-time and part-time employees.  To the contrary, paragraph g(1)(c) specifically provides that the procedures indicated in the directive "apply to all practitioners included within the scope of this directive."  Pursuant to paragraph g(1)(d), "[a]ny professional review action that adversely affects the clinical privileges of a practitioner for a period longer than thirty days...is reportable to the NPDB pursuant to the provisions of VHA policy regarding NPDB reporting."

Reduction and revocation of privileges "may be separate from the...repriviledging process." VHA Handbook 1100.19, ¶ g(1)(a). Revocation "will be combined with" appropriate action to discharge, separate or terminate employment in accordance with the person's employment status. <u>Id.</u> at ¶ g(3)(b) and (c). Notwithstanding the requirement to initiate action to discharge, separate, or terminate an employee whose privileges have been revoked, "[n]othing in these procedures restricts the authority of management to temporarily detail or reassign a practitioner to non-patient care areas or activities, thus in effect suspending

5

privileges while the proposed reduction of privileges or
discharge, separation, or termination is pending." <u>Id.</u> at ¶
g(4).

"When revocation of privileges is proposed and not combined
with a proposed demotion or dismissal, the due process procedures
under reduction of privileges will pertain." <u>Id.</u> at ¶ g(3)(a).
The due process procedures set forth at paragraph g(2)
essentially provide for a hearing, if requested, before a panel
of three professionals, at least two of whom must be "members of
the same profession," with the right of appeal to the appropriate
VISN[2] Director after the facility director has acted on the
review panel's recommendations.

III.   <u>LAW AND ARGUMENT</u>

A.   <u>PLAINTIFF'S COMPLAINT FAILS TO STATE A<br>CLAIM UPON WHICH RELIEF CAN BE GRANTED.</u>

The decisions of the United States District Court for the
Eastern District of Michigan and the Sixth Circuit Court of
Appeals in <u>Woods v. Milner</u>, 760 F. Supp. 623 (E.D.Mich. 1991),
*aff'd* , 955 F.2d 436 (6th Circuit 1992), are almost directly on
point and generally are dispositive of the issues in this case.

<u>Woods</u> involved claims by temporary physicians at a VA
hospital alleging wrongful denial of permanent employment and

---

[2] Veterans Integrated Service Network.  The country is
divided into 21 separate geographical regions, or VISNs.  VISN 10
encompasses the state of Ohio.

other claims.  The district court, in considering plaintiffs'
claims, explained that the statute which authorizes the VA to
employ physicians and other medical personnel provides for three
different categories of employment: (1) permanent appointees who
have completed a two-year probationary period, (2) permanent
appointees who are serving their probationary period, and (3)
temporary employees appointed to full-time or part-time
positions.  See Woods, 760 F. Supp. at 627, 630.

The statute which the court considered in Woods was amended
in 1991.  However, the current statute provides for the same
three categories of employment.[3]  See 38 U.S.C. §§ 7403, 7405-07.
By law, only United States citizens may be appointed to permanent
positions. 38 U.S.C. § 7402(c).  There is no citizenship
requirement for temporary appointments made pursuant to 38 U.S.C.
§ 7405.  Thus, both citizens and non-U.S. citizens may be
appointed to temporary positions.  The district court explained
the rationale underlying the different types of appointments as
follows:

> [T]he court in Quilico v. Kaplan, 749 F.2d 480 (7th
> Cir. 1984), noted that in 1945, while responding
> to allegations of poor care in the VA hospitals,
> Congress abolished the permanent medical staff which
> had staffed the VA hospitals up until that time and
> created the Department of Medicine and Surgery....
> It was then that the legislature divided physicians
> into "career" appointments and those who accepted

---

[3] Copies of relevant portions of the earlier statute are
attached hereto.

7

> "temporary" assignments.... Provision was made for the appointment of temporary "non-career" physicians, partly because the VA was unable to compete financially with the private sector for the services of specialists, and because such appointments would enhance the VA's ability to develop affiliations with universities and medical schools to establish in-house research and teaching programs."

Woods, 760 F. Supp. at 637-38 (citations omitted). See Woods, 760 F. Supp. 637-39 for a complete discussion of the legislative history underlying the statutory scheme.

In Woods the district court considered virtually the same claims which Plaintiff presents in this case.  The court held, inter alia, (1) that the plaintiffs had not been injured and therefore lacked standing to litigate their claims in federal court, Woods, 760 F. Supp. at 633-36; (2) that the plaintiffs could not maintain their breach of contract claims because of the statutory rather than contractual nature of their federal employment, Woods, 760 F. Supp. at 642-43 [4]; and (3) that plaintiff Woods had no "legitimate claim of entitlement necessary for a constitutional cause of action" on her Fifth Amendment due process claim because she was a "temporary employee, terminable-at-will without cause and, in any event, the federal defendants were entitled to qualified immunity insofar as they had not violated any clearly established statutory or constitutional rights." Woods, 760 F. Supp. at 643-44.

---

[4] The court, in its discussion, cited cases denying claims based upon fraud and misrepresentation.

8

The Sixth Circuit affirmed.  The Court held that: (1) "[a]bsent some distinct, palpable injury" plaintiffs did not have standing, (2) the United States had no contractual liability based upon promises or misunderstanding "where the terms of employment are expressly governed by statute," and (3) that Woods had no property rights in her position of temporary employment to sustain her "due process" claim. See Woods, 955 F.2d at 439-440.

The decisions by the district court and court of appeals in Woods are dispositive of the issues in this case.  There are three fundamental problems with the manner in which Plaintiff has framed the issues in this case.  First, Plaintiff misunderstands the nature of his federal employment.  Plaintiff's employment rights are wholly dependant upon his status as a temporary employee under 38 U.S.C. § 7405, and the fact that he is a part-time employee is totally irrelevant.  Indeed, the excerpt from the VHA Handbook on which Plaintiff relies does not even mention full-time or part-time status, much less draw any distinction between the two.  Rather, the only distinction set forth in the Handbook is the method for discharging or separating permanent and temporary employees whose hospital privileges have been revoked. See VHA Handbook 1100.19, ¶ g(3)(b) and (c).

Second, Plaintiff misconstrues the nature of privileges.  Hospital privileges are not an emolument of Plaintiff's VA employment.  They are not automatic and they are not an

9

entitlement.  Rather, they must be applied for and renewed every two years.  Privileges belong to the hospital, not to the practitioner.  They are exactly what the word says, a privilege. They are based upon education, training, clinical competence and particularized experience of the individual physician. Privileges define the scope of what a physician is permitted to do in the hospital, i.e., the services, treatments and procedures which he is authorized to perform.  If pursuant to <u>Woods</u> Plaintiff has no protected interest in his employment, then clearly he has no protected interest in his hospital privileges.

Privileges are unique to each facility and they are dependent upon factors such as patient population, equipment available in the hospital, physician competence, etc.  The VA has no say in the privileging process at UHC or vice versa. Therefore, the VA has no control over reporting or due process proceedings at UHC.

Third, Plaintiff also misconstrues the VHA Handbook.  Non-renewal of Plaintiff's privileges triggers a reporting requirement to the NPDB. VHA Handbook, ¶ g(1)(d).  Revocation of privileges, on the other hand, triggers not only a reporting requirement to the NPDB, but also normally triggers mandatory discharge procedings. VHA Handbook, ¶ g(3)(b and c).  When revocation of privileges is proposed and not combined with dismissal, the due process procedures under reduction of

10

privileges pertain. VHA Handbook, ¶ g(3)(a).  The fact is that
the VHA Handbook provides Plaintiff, as a part-time employee and
non-U.S. citizen, the same hearing rights regarding non-renewal
of hospital privileges as would be available to permanent, full-
time physicians of U.S. citizenship.  The only difference set
forth in the Handbook concerns the different type of discharge
proceedings, and due process rights thereunder, for temporary,
permanent, and permanent-probationary employees.

This is not, as Plaintiff alleges, a case for declaration of
his rights because his VA employment rights are clearly set forth
in the applicable statute and regulations.  Rather, this is a
case by which Plaintiff seeks to alter the terms of his federal
employment.  However, since the claims advanced by Plaintiff are
all negated by the Sixth Circuit's decision in <u>Woods</u>, the
Complaint fails to state a claim upon which relief can be
granted.

      B.   <u>THE DECLARATORY JUDGMENT ACT DOES NOT
CONFER JURISDICTION ON THIS COURT.</u>

It is well-settled that the Declaratory Judgment Act, 28
U.S.C. §§ 2201-02, is not an independent basis of subject matter
jurisdiction. <u>Louisville and Nashville R.R. Company v. Donovan</u>,
713 F.2d 1243, 1245 (6th Cir. 1983).  The statute is procedural
and only expands the range of available remedies.  It does no
extend the jurisdiction of federal courts. <u>Skelly Oil Co. v.
Phillips Petroleum Co.</u>, 339 U.S. 667 (1950); <u>Stanley v. Avery</u>,

11

387 F.2d 637 (6th Cir. 1968), cert. denied 390 U.S. 1044 (1968).

Thus, neither 28 U.S.C. § 2201 nor § 2202 provide the Court with

subject matter jurisdiction.

        C.    THE COURT LACKS SUBJECT MATTER JURISDICTION
              FOR LACK OF STANDING AND RIPENESS.

     Plaintiff lacks standing for the reasons set forth by the

district court in Woods v. Milner, supra.  He has not alleged a

distinct and palpable injury and, like the plaintiffs in Woods,

has benefitted rather than been harmed by the statute which

permits employment of non-U.S. citizens.  Here Plaintiff presents

nothing more than a generalized grievance concerning his

employment status and possible reporting to the NPDB.  As the

court said in Woods, 760 F. Supp. at 635, quoting the Supreme

Court's decision in Schlessinger v. Reservists' Committee to Stop

the War, 418 U.S. 208 (1974):

> The desire to obtain sweeping relief cannot be
> accepted as a substitute for compliance with the
> general rule that the complainant must present
> facts sufficient to show that his individual needs
> requires the remedy for which he asks....To permit
> a complainant who has no concrete injury to require
> a court to rule on...issues in the abstract would
> create the potential for abuse of the judicial
> process, distort the role of the Judiciary in its
> relationship to the Executive and the Legislature
> and open the Judiciary to an arguable charge of
> providing "government by injunction."

     Moreover, even if Plaintiff did have standing to pursue his

claims against the federal defendants, it is clear that the case

is not yet ripe for judicial review.  As Plaintiff himself

acknowledges, the VA has not yet completed the process set forth in the VHA Handbook and no final decision has been made to report him to the NPDB. As the court said in <u>Medical Society of New Jersey v. Herr</u>, 191 F. Supp. 2d 574, 580 (D.N.J. 2002), "[G]iven that there has been no finalized agency decision pertaining to any of MSNJ's members... to permit MSNJ to proceed with the instant claims constitutes improper judicial intervention into a matter as yet unresolved in the first instance by the appropriate administrative agency." Since there has been no final agency action in this case, the case is not ripe for judicial review.

Accordingly, the Court lacks subject matter jurisdiction because Plaintiff lacks standing and the case is not ripe for judicial review.

D.  <u>PLAINTIFF'S COMPLAINT FAILS TO STATE AN EQUAL PROTECTION VIOLATION.</u>

In his Complaint Plaintiff seeks a determination that "38 U.S.C. §§ 7402(c), 7405 and the VAMC's implementing regulations, bylaws, and guidelines are violative of the Fourteenth Amendment of the United States Constitution." Complaint at 11. The Fourteenth Amendment, by its very terms, bars only "state" action and is not applicable to the federal government, <u>Taylor v. U.S.</u>, 320 F.2d 843 (9th Cir. 1963) <i>cert. denied</i>, 376 U.S. 916 (1964), or private conduct. <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345 (1974). The courts have held, however, that the Fifth Amendment's due process clause, which does apply to the federal

13

government, encompasses equal protection principles. <u>Sturgell v. Creasy</u>, 640 F.2d 843, 850 (6th Cir. 1981).

The Sixth Circuit's decision in <u>Woods</u> implicitly upheld the constitutionality of the VA's statutory scheme which creates two different classes of physician employees, permanent and temporary.  Clearly it is within Congress's authority to decide that only U.S. citizens are eligible for appointment to permanent positions within the VA, and to create a second category of temporary employees who do not have the same job protections. The district court in <u>Woods</u> specifically upheld this statutory scheme. <u>See</u>, <u>Woods</u>, 760 F. Supp. at 643.

For the foregoing reasons, the Complaint fails to state a claim upon which relief can be granted for violation of Plaintiff's equal protection rights.

> E.    <u>THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS FOR FRAUDULENT INDUCEMENT AND NEGLIGENT MISREPRESENTATION, AND/OR THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.</u>

There is a presumption that a federal court lacks subject matter jurisdiction until it is shown to exist.  <u>Lehigh Mining & Mfg. Co. v Kelly</u>, 160 U.S. 327 (1895); <u>Memphis A. Fed. Of Teachers, Local 2032 v. Board of Educ. Of Memphis City Schools</u>, 534 F. 2d 699 (6th Cir. 1976).  The party claiming jurisdiction has the burden of demonstrating that subject matter jurisdiction exists.  <u>McNutt v. Gen. Motors Acceptance Corp. of Indiana</u>, 298

U.S. 178 (1936); <u>United States v. Bellsouth Telecomm. Inc.</u>, 123 F. 3d 935 (6th Cir. 1997).  In this case Plaintiff has not alleged any basis of jurisdiction over his claim of fraudulent inducement and negligent misrepresentation.

It is not clear whether Plaintiff's claim for fraudulent inducement and negligent misrepresentation is based upon contract or tort.  To the extent that it is based upon contract, the Complaint fails to state a claim upon which relief can be granted for the reasons set forth in <u>Woods</u>, 760 F. Supp. at 642-43.

To the extent that this claim is based on tort, the Court lacks subject matter jurisdiction both because the alleged conduct falls within the specific exceptions to the waiver of sovereign immunity contained in the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, and because Plaintiff has failed to first exhaust his administrative remedies as required by 28 U.S.C. § 2675(a) before filing suit.  The FTCA specifically excepts from its coverage claims based upon the exercise or performance of a discretionary function, and any claim arising out of misrepresentation, deceit, or interference with contract rights. 28 U.S.C. § 2680(a), (h).  Further, the FTCA requires, as "an absolute prerequisite," the filing of an administrative claim prior to filing suit.  <u>Meeker v. United States</u>, 435 F. 2d 1219, 1220 (8th Cir. 1970).  Finally, the named defendants are not subject to suit under the FTCA as Plaintiff's exclusive remedy is

15

against the United States. 28 U.S.C. §2679.  Accordingly, to the extent that Plaintiff's claims for fraudulent inducement and negligent misrepresentation are based upon tort, the Court lacks subject matter jurisdiction over these claims.

CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint against the federal defendants for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

GREGORY A. WHITE
United States Attorney

By: s/William J. Kopp
    William J. Kopp (0024018)
    Assistant U.S. Attorney
    United States Court House
    801 West Superior Avenue,
    Suite 400
    Cleveland, Ohio 44113
    Voice: 216-622-3696
    Fax: 216-522-4982
    William.Kopp2@usdoj.gov

16

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)</u>

Pursuant to 28 U.S.C. § 1746, undersigned counsel certifies that the foregoing Memorandum in Support is 16 pages in length and within the limitations of an unassigned matter or matter assigned to a standard track.

<u>s/William J. Kopp</u>
William J. Kopp
Assistant U.S. Attorney

17