IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRUCE YACYSHYN,** | ) | **CASE NO.  1:04CV2091** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge John M. Manos** |
| | ) | |
| **ANTHONY J. PRINCIPI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **MEMORANDUM OF OPINION** |

On November 16, 2004, Anthony J. Principi and the Louis Stokes Veterans Affairs Medical

Center ("VAMC"), (collectively, "Defendants"), filed a motion for summary judgment, or in the

alternative, motion to dismiss.  (Docket No. 15.)  They make two arguments.  First, they argue that

Count II of the complaint does not state a claim upon which relief can be granted.  Second, they argue

that the Court lacks subject matter jurisdiction over all remaining claims.

On March 4, 2005, Bruce Yacyshyn, Plaintiff, filed a brief in opposition.  (Docket No. 41.)

On March 30, 2005, the Defendants filed a reply.  (Docket No. 43.)

All issues have been fully-briefed and the matter is ripe for adjudication.  For the following

reasons, the Defendants' Motion to Dismiss is **GRANTED**.

## I.    FACTUAL BACKGROUND

On April 23, 2001, Plaintiff, a Canadian citizen, was offered a faculty position at Case Western

Reserve University School of Medicine and staff positions at the VAMC (as Chief of

Gastroenterology) and University Hospital of Cleveland ("UH").  His medical malpractice premiums

were to be paid by University Physicians, Inc. ("UPI").  The parties dispute whether this was a joint

offer for full time employment or separate offers for part time employment.

In November of 2002, Plaintiff was relieved of his duties as Chief of Gastroenterology at the

VAMC.  On June 24, 2004, he was notified that his application for the renewal of his medical

privileges had been denied.[1]  Two days later, UPI terminated its relationship with the Plaintiff.  On

September 20, 2004, UHC did as well.  Finally, on January 10, 2005, Plaintiff was terminated by the

VAMC.

Plaintiff argues that the Defendants denied his renewal application to practice medicine in

violation of his right to procedural due process.  Moreover, he argues that he was treated less favorably

because he was an alien in violation of his right to equal protection.  He also raises negligent

misrepresentation and fraudulent inducement claims, as well as a claim under the Declaratory Judgment

Act.

## II.    LAW AND ANALYSIS

Defendants move to dismiss Count II of the complaint on the ground that it does not state a

---

[1]     Currently, the VAMC is holding hearings to determine whether the non-renewal of
medical privileges is reportable to the National Practitioners Data Bank ("NPDB") and
the State Licensing Board ("SLB").

claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss,

the allegations are taken as true and viewed in the light most favorable to the non-movant.  A claim will

not be dismissed "unless it appears beyond a reasonable doubt that the [non-movant] can prove no set

of facts to support his claim which would entitle him to relief."  Hiser v. City of Bowling Green, 42 F.3d

382, 383 (6th Cir. 1994); see also Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio,

900 F.2d 882, 885 (6th Cir. 1990).

      Here, Count II raises Fourteenth Amendment procedural due process and equal protection

claims.  However, Plaintiff concedes that the Fourteenth Amendment prohibits only state action and

does not apply to the federal government.  Taylor v. United States, 320 F.2d 843, 846 (9th Cir. 1963).

Thus, Count II does not state a claim upon which relief can be granted because no state party was

involved.

      The Defendants next move to dismiss the remaining claims for the reason that the Court lacks

subject matter jurisdiction.  The Court agrees.  Count I raises a claim under the Declaratory Judgment

Act.  It is well-settled that the Declaratory Judgment Act, 22 U.S.C. § 2201, does not confer federal

jurisdiction because it only provides an additional remedy.  See Carpenter v. Leonard, 791 F.2d 931,

931 (6th Cir. 1986); Louisville & N. R. Co. v. Donovan, 713 F.2d 1243, 1245 (6th Cir. 1983).

      Count III raises fraudulent inducement and negligent misrepresentation claims.  In his brief,

however, Plaintiff concedes that if Count III is brought in contract, the United States Federal Court of

Claims would have exclusive jurisdiction since the amount in controversy exceeds $10,000.  (Brief in

Opposition, Docket No. 41, at 10); see also 28 U.S.C. § 1346(a)(2); Morgan v. United States, 55

Fed. Cl. 706, 707 (2003).  Moreover, if it is brought in tort, Plaintiff is required to pursue these claims

-3-

with the appropriate federal agency.  <u>See</u> 28 U.S.C. § 2675(a).

Thus, Count II does not state a claim upon which relief can be granted and is dismissed with

prejudice.  Counts I and III are dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, the Court **GRANTS** Defendants Anthony J. Principi and the Louis

Stokes Veterans Affairs Medical Center's Motion to Dismiss.  Each party to bear its own costs.

**IT IS SO ORDERED.**

**Date: June 7, 2005**                    */s/ John M. Manos*
                                          **UNITED STATES DISTRICT JUDGE**