**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRUCE YACYSHYN,** ) | **CASE NO.  1:04CV2091** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Judge John M. Manos** |
| ) | |
| **ANTHONY J. PRINCIPI, et al.,** ) | |
| ) | |
| **Defendants.** ) | **ORDER** |

On June 7, 2005, the Court granted Defendants Anthony J. Principi and the Louis Stokes Veterans Affairs Medical Center's (collectively, the "VAMC") motion to dismiss. (Docket No. 45.) Defendants University Hospital of Cleveland ("UH") and University Physicians, Inc. ("UPI") did not join in that motion and remain in the case.

On the day before, June 6, 2005, the VAMC sent a letter to Dr. Bruce Yacyshyn ("Plaintiff") indicating that the decision not to renew his medical privileges was upheld, notwithstanding a contrary recommendation by an expert panel. (Docket No. 46-1.)  The letter also indicated that although he has the right to appeal, the National Practitioners Data Bank ("NPDB") process is concluded. (Plaintiff's Ex. A.)  Thus, according to the letter, the fact that his medical privileges were not renewed will be reported to the NPDB without delay. According to the Plaintiff, "If the report to the Data Bank is made, my career will be irreparably harmed.  It will ... be difficult, if not impossible, for me to obtain medical staff privileges and any liability insurance I am able to obtain will be extremely expensive." (Plaintiff's Aff., at 1.)

On June 13, 2005, the Plaintiff filed a Motion for Leave to File an Amended Complaint and for a Temporary Restraining Order. (Docket No. 46.) On that same day, the Court held a motion hearing. (Docket No. 47.) The Court denied the motion for a temporary restraining order because the VAMC agreed not to file any report with the NPDB or any State Licensing Board ("SLB") until after the Court determines whether to grant a preliminary injunction. A hearing is currently scheduled for July 21, 2005.

On June 27, 2005, the VAMC filed a motion to vacate the scheduling of the preliminary injunction hearing and a brief opposing the amended complaint. (Docket No. 48.) On July 7, 2005, the Plaintiff filed a reply. (Docket No. 54.)

For the following reasons, the motion for leave to file an amended complaint (Docket No. 46) is **GRANTED** and the motion to vacate the scheduling of the preliminary injunction hearing (Docket No. 48) is **DENIED**.

Rule 15(a) of the Federal Rule of Civil Procedure states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... . Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall by freely given when just so requires.

In interpreting Rule 15(a), the Supreme Court has instructed:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given."

Forman v. Davis, 371 U.S. 178, 182 (1962).

The VAMC opposes the filing of the amended complaint.  It does not argue that the Plaintiff has engaged in any dilatory tactics or is acting in bad faith.  Nor does it argue that it would be unduly prejudiced by virtue of allowance of the amendment.  Instead, it argues that granting such leave would be futile because the proposed amended complaint cannot withstand a motion to dismiss.  However, the Plaintiff's likelihood of success on the merits is something better left for the preliminary injunction hearing.  After the Court determines whether to issue a preliminary injunction, the VAMC is free to file a motion to dismiss the amended complaint.  The Court would much rather prefer to perform a detailed 12(b)(6) analysis at that time.  In short, the Court does not see any reason why leave to file the amended complaint should not be "freely given."  See Fed. R. Civ. P. 15(a).

The VAMC raises two procedural arguments that merit attention.  First, it argues that because the Court has already dismissed a previous complaint raising equal protection, negligent misrepresentation, fraudulent inducement, and Declaratory Judgment Act claims, the proposed amended complaint, with regard to these claims, is barred by the doctrine of res judicata.  However, the Court never addressed the merits of these claims.  Rather, the Court dismissed the equal protection claim because it was mistakenly brought under the Fourteenth Amendment as opposed to the Fifth Amendment. (Docket No. 44, at 3.)  Thereafter, the Court dismissed the remaining claims because they did not provide an independent basis for subject matter jurisdiction.  Id.  In the proposed amended complaint however, the Plaintiff appropriately brings his equal protection and due process claims under the Fifth Amendment, which applies to federal agencies like the VAMC.  Because the Court has never addressed the merits of these claims, the doctrine of res judicata does not apply.  See San Remo Hotel, L.P. v. City & County of San Francisco, 125 S. Ct. 2491, 2005 U.S. LEXIS 4848, *27 n.16 (2005)

(noting that the doctrine of res judicata bars a court from addressing a claim that has been previously decided on the merits).

Second, the VAMC argues that the Plaintiff has not exhausted his administrative remedies and thus, this matter is not ripe for adjudication. It is true that under 42 U.S.C. § 11136, the Secretary of Health is authorized to adopt regulations to provide for procedures to accommodate a practitioner that disputes the accuracy of information reported to the NPDB.[1] However, this procedure is not an appellate review. The Secretary of Health is not authorized to review the actual decision to not renew the Plaintiff's medical privileges. See (Docket No. 49, Plaintiff's Exs. 10 & 11.) As the VAMC acknowledges, the NDPB process is complete and the submission of an NPDB report will not be delayed regardless of any appeal. (Plaintiff's Ex. A.) Thus, the Plaintiff has exhausted his administrative remedies.

**IT IS SO ORDERED.**

**Date: July 11, 2005**          */s/ John M. Manos*  
                                 **UNITED STATES DISTRICT JUDGE**

---

[1] To dispute information reported to the NPDB, a practitioner must (1) inform the Secretary of Health and the reporting entity in writing of any alleged inaccuracy, (2) request that the reported information be entered into a "disputed" status, and (3) attempt to enter into discussions with the reporting entity. 45 C.F.R. § 60.14(b)(1-3) (2005). If the reporting entity does not revise the information, the Secretary of Health will then review the information to determine its accuracy. Id. at § 60.14(c).