IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. BRUCE YACYSHYN, M.D.<br>65 Winterberry Lane<br>Moreland Hills, OH 44022 | )<br>)<br>) | CASE NO. 1:04 CV 2091 |
| | )<br>) | JUDGE MANOS |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | FIRST AMENDED COMPLAINT<br>AND DEMAND FOR JURY TRIAL |
| | ) | |
| ANTHONY J. PRINCIPI<br>Secretary, Department<br>of Veteran Affairs<br>810 Vermont Ave. NW<br>Washington, DC 20420 | )<br>)<br>)<br>)<br>) | |
| and | ) | |
| LOUIS STOKES VETERANS AFFAIRS<br>MEDICAL CENTER<br>c/o William Montague<br>Medical Center Director<br>10701 East Boulevard<br>Cleveland, OH 44106 | )<br>)<br>)<br>)<br>)<br>) | |
| and | ) | |
| UNIVERSITY HOSPITALS<br>OF CLEVELAND<br>c/o its statutory agent<br>Janet Miller<br>10524 Euclid Avenue, Suite 1100<br>Cleveland, OH 44106 | )<br>)<br>)<br>)<br>)<br>) | |

420893-2

|                                                                                                                                                  |                  |
| ------------------------------------------------------------------------------------------------------------------------------------------------ | ---------------- |
| and<br><br>UNIVERSITY PHYSICIANS, INC.<br>c/o its statutory agent<br>Frederick A. Creighton<br>11001 Cedar Avenue, Suite 308<br>Cleveland, OH 44106<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Dr. Bruce Yacyshyn ("Dr. Yacyshyn") is a Medical Doctor, specializing in the field of Gastroenterology. Dr. Yacyshyn resides at 65 Winterberry Lane, Moreland Hills, OH 44022.

2.  Dr. Yacyshyn is a Canadian citizen who is a permanent resident alien of the United States. Dr. Yacyshyn is married to an American citizen and has three children who are American citizens.

3.  Defendant Anthony J. Principi is the Secretary of the Department of Veterans Affairs, located at 810 Vermont Ave. NW, Washington D.C., 20420.

4.  The Department of Veteran Affairs is an agency of the United States operating the Louis Stokes Veterans Affairs Medical Center.

5.  Louis Stokes Veterans Affairs Medical Center is a hospital operated by the Department of Veterans Affairs, located at 10701 East Boulevard, Cleveland, OH 44106.

6.  Defendant University Hospitals of Cleveland ("UHC") is a privately owned and operated hospital, its address being 10524 Euclid Avenue, Suite 1100, Cleveland, OH 44106.

420893-2

2

7. Defendant University Physicians Inc. ("UPI") is a privately owned corporation, its address being 1101 Cedar Avenue, Suite 308, Cleveland, OH, 44106, and is the practice plan for the UHC Department of Medicine.

8. Jurisdiction and venue are proper because pursuant to 28 U.S.C. § 1331 "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Jurisdiction is also proper pursuant to 28 U.S.C. § 1346. At issue here is the employment status of Dr. Yacyshyn under Title 38 of the United States Code and the rights afforded him under the United States Constitution, specifically the Fifth Amendment. Dr. Yacyshyn is a resident of the Eastern District of Ohio, and all services performed under this employment agreement have taken place in Cuyahoga County, Ohio. Moreover, UHC and UPI are located in Cuyahoga County, Ohio, as is the Louis Stokes Veterans Affairs Medical Center.

9. The amount in controversy exceeds $75,000.00.

## THE AGREEMENT

10. On April 23, 2001, Dr. Yacyshyn was extended an offer of faculty appointment at Case Western Reserve University ("CWRU") School of Medicine in the Department of Medicine, Division of Gastroenterology, and appointment to the staff of the Louis Stokes Veterans Affairs Medical Center ("VAMC") as Chief of the Section of Gastroenterology, and appointment to the Medical Staff of UHC. A copy of this letter is attached and incorporated as Exhibit A.

11. Dr. Yacyshyn was offered this position as part of one employment offer. Throughout the employment offer, the entities refer to themselves as "we" and do not set forth separate offers. The letter appears on University Hospital Health Systems/University Hospitals of

420893-2

3

Cleveland and CWRU School of Medicine letterhead, and refers to "our Veterans Affairs Medical Center." See Exhibit A.

12. The employment offer is signed by four individuals, Michael V. Sivak, Jr., M.D., Chief of the Division of Gastroenterology at UHC, Richard A. Walsh, M.D., Chairman and Physician-in-Chief, Department of Medicine, Louis B. Rice, M.D., Chief of Medicine at the VAMC, and Murray D. Altose, M.D., Chief of Staff at the VAMC. See Exhibit A.

13. The employment offer does not state that the position is part time in regards to Dr. Yacyshyn. Pursuant to Exhibit A, he was to spend 5/8ths of his time at the VAMC, 2/8ths of his time at UHC and 1/8th of his time at CWRU, and it is clear from the hours worked and duties performed that Dr. Yacyshyn is a full time employee jointly of the VAMC and UHC and should be treated as a full time employee under Title 38 of the United States Code.

14. Dr. Yacyshyn's employment benefits, including a pension plan, health benefits, life insurance, and disability insurance for himself and his family would be paid by the VAMC.

15. Dr. Yacyshyn's malpractice insurance premiums with respect to his clinical activities performed at UHC would be paid by UPI.

16. Dr. Yacyshyn's salary would be paid collectively by the VAMC, CWRU and UPI.

17. The employment letter made no reference to his citizenship or any limitations of his rights under the employment agreement

18. Dr. Yacyshyn accepted the offer of employment and began work in July of 2002.

19. Before accepting the offer, Dr .Yacyshyn was a tenured associate professor at the University of Alberta earning approximately $340,000 (Canadian) per annum with a benefits package equivalent to 28% of his salary.

20. Since his hiring, Dr. Yacyshyn has carried a full work schedule at the VAMC. Dr. Yacyshyn has worked in the neighborhood of 32-40 hours per week at the VAMC since he began his employment. Although a June 27, 2002 letter from the VAMC states that Dr. Yacyshyn's hours would "not exceed 1,300 Hours Per Annum" as a "part-time" employee, he consistently recorded more hours during the course of his employment, working more than 1800 hours on average in the last two years. A copy of the June 27 letter is attached and incorporated as Exhibit B.

21. Unlike the VAMC, UHC has never insisted that Dr. Yacyshyn is anything less than a full time employee. In a Medical Staff reappointment letter dated April 7, 2003, UHC notes that Dr. Yacyshyn's status is "Full Time." A copy of the April 7 letter is attached and is incorporated as Exhibit C. Dr. Yacyshyn's Faculty appointment by UHC and CWRU was also "Full Time." Please see Exhibit C.

## DENIAL OF PRIVILEGES AND TERMINATION

22. In November of 2002 Dr. Yacyshyn was relieved of his duties as Section Chief of Gastroenterology at the VAMC and given no notice or opportunity to pursue his due process rights to challenge this decision.

23. Dr. Yacyshyn was relieved of his duties as Section Chief as a result of political infighting at the VAMC.

24. Applicable statutes and/or regulations require health care institutions to provide a physician with procedural due process before his medical staff privileges may be adversely effected.

25. Only physicians who are United States citizens are afforded such procedural due process rights.

420893-2

5

26. The VAMC requires that employed physicians reapply for their Medical Staff privileges every two years as part of their Bylaws. On June 24, 2004 Dr. Yacyshyn was notified that his application for renewal of privileges had been denied by the VAMC.

27. There was no good faith basis for the failure to renew Dr. Yacyshyn's privileges.

28. Dr. Yacyshyn was allowed to appeal only whether the non-renewal of his privileges would be reported to the National Practitioners Data Bank ("NPDB"). Dr. Yacyshyn was scheduled for a hearing on September 23, 2004 at the VAMC, but this hearing was postponed due to the fact that the hearing panel was not organized consistent with the requirements of VHA Handbook Section 1100.19 (6)(g)(2)(d). A copy of this Bylaw is attached and is incorporated as Exhibit D.

29. According to VHA Handbook Section 1100.19 (6)(g)(3), full-time physicians are entitled to a due process hearing regarding adverse actions concerning their privileges, not just whether a report should be made to the NPDB. See Exhibit D.

30. No such rights were afforded to Dr. Yacyshyn.

31. The due process hearing occurred on February 9, 2005 before a Hearing Panel of three physicians appointed by the VAMC, to of whom were in Dr. Yacyshyn's specialty.

32. On Saturday, June 11, 2005, Dr. Yacyshyn received by Federal Express a letter reportedly dated June 6, 2005. In that letter, the Medical Center Director of the Veterans Affairs Medical Center states that he is sustaining the decision not to renew Dr. Yacyshyn's clinical privileges and issuing a report to the National Practitioner Data Bank.

33. A copy of the report issued by the Hearing Panel has not been furnished to Dr. Yacyshyn.

420893-2

34. On September 20, 2004, Dr. Yacyshyn's privileges were terminated by UHC based on the same allegations that were the basis of the VAMC's denial of privileges. This termination triggered another set of possible NPDB and State Licensing Board ("SLB") reports over the exact same set of allegations that are the subject of the VAMC's present proceedings. Essentially, Dr. Yacyshyn is being subjected to two separate proceedings involving the same set of allegations.

35. Dr. Yacyshyn has appealed his termination from UHC, according to the UHC Medical Staff Bylaws. That hearing has not yet taken place.

36. On July 26, 2004 UPI terminated its relationship with Dr. Yacyshyn. By letter, UPI claimed that Dr. Yacyshyn is an "at-will employee." A copy of this letter is attached and is incorporated as Exhibit E.

37. Because of the joint employment agreement with the VAMC, UPI cannot assert that Dr. Yacyshyn is terminable at will because it is bound by the same rules and regulations that are applicable to the VAMC.

38. VAMC has terminated Dr. Yacyshyn's employment effective January 31, 2005. Dr. Yacyshyn has not been accorded the procedural rights afforded to full time employees.

## COUNT I

## VIOLATION OF DUE PROCESS

39. Plaintiff incorporates by reference paragraphs 1 through 38 above.

40. The Fifth Amendment clause of the United States Constitution specifies that "no personal shall . . . be deprived of life, liberty, or property, without due process of law."

41. On February 9, 2005, Dr. Yacyshyn was afforded a due process hearing by the VAMC before a panel of three physicians appointed by the VAMC, two of whom were in Dr. Yacyshyn's specialty.

42. On June 11, 2005, Dr. Yacyshyn received Federal Express packet of a letter sent to him on June 10, 2005, and reportedly dated June 6, 2005. That letter, by the Medical Center Director of the VAMC, indicated his intent to sustain the decision to not renew Dr. Yacyshyn's clinical privileges and to report the matter to the National Practitioner Data Bank.

43. Up until the filing of this Amended Complaint, neither Dr. Yacyshyn nor his representatives had been provided with the written report of the findings of the Hearing Panel.

44. If the findings of the Hearing Panel were in favor of Dr. Yacyshyn, the decision of the VAMC to report Dr. Yacyshyn to the NPDB were in bad faith, and failed to accord him due process.

45. A decision to report to the NPDB must be, in accordance with the requirements of the Health Care Quality Improvement Act, based upon a good faith investigation of the facts and a fair opportunity for Dr. Yacyshyn to be heard.

46. What occurred during the extended due process hearing before three medical practitioners, not before the Medical Director of the VAMC.

47. Accordingly, any adverse report concerning Dr. Yacyshyn which is contrary to the report and findings of the Hearing Panel must be enjoined.

## COUNT II

## BREACH OF REGULATIONS

48. Plaintiff incorporates by reference paragraphs 1 through 47 above.

420893-2

8

49.     The due process hearing accorded Plaintiff was conducted pursuant to VHC Handbook § 1100.19, *et seq.*, which governs the relationship between the parties with respect to his nonrenewal of clinical privileges and a reporting to the National Practitioner Data Bank.

50.     That Handbook specifies certain time requirements which are binding upon the VAMC.

51.     Specifically, § 2(h) specifies that the written decision issued by the facility director must be ". . . within ten (10) work days from the date of receipt of the panel's report."

52.     Here, the report was due on approximately May 11, 2005, yet the Facility Director's decision was not "allegedly" issued until June 6, 2005, and not received by Plaintiff until June 11, 2005.

53.     The VAMC's actions are in breach of the binding regulations.

## COUNT III

### DECLARATORY JUDGMENT AGAINST THE VAMC, DR. MONTAGUE, UHHS AND UHC

54.     Plaintiff incorporates by reference paragraphs 1 through 53 above.

55.     This is an action for declaratory judgment and other further necessary or proper relief under 28 U.S.C. §§ 2201 and 2202.

56.     Dr. Yacyshyn sues the Secretary of the Department Veterans Affairs in his representative capacity, the VAMC, UHHS and UHC for judgment to declare Dr. Yacyshyn's employment status under Title 38 of the United States Code and his rights under the United States Constitution, as well as the contractual relationship between Dr. Yacyshyn and his employers, and between the employers themselves.

57.     Dr. Yacyshyn asks this Court to declare that he is a full time employee and afforded all rights available to U.S. citizens.

420893-2

9

## COUNT IV

## VIOLATIONS OF THE EQUAL PROTECTION CLAUSE

58. Plaintiff incorporates by reference paragraphs 1 through 57 above.

59. The Fifth Amendment of the United States Constitution states, in pertinent part, that "no person shall...be deprived of life, liberty, or property, without due process of law."

60. The Fifth Amendment applies to resident aliens living and working in the United States.

61. Dr. Yacyshyn's privileges were adversely effected without due process.

## COUNT V

## FRAUDULENT INDUCEMENT AND NEGLIGENT MISREPRESENTATION

62. Plaintiff incorporates by reference paragraphs 1 through 61 above.

63. At no point prior to Dr. Yacyshyn's hiring did anyone with the VAMC or UHC disclose to him that his due process rights would be substantially limited as a non-U.S. citizen. The position offered to Dr. Yacyshyn was represented to him as one of a full time physician with the same rights and benefits afforded to all other full time physicians. The fact that Dr. Yacyshyn's Medical Staff privileges could be adversely affected without a due process hearing was never disclosed by the VAMC or UHC.

64. Defendants knew or should have known Dr. Yacyshyn's procedural rights were, in Defendant's view, severely limited as a part time non-U.S. citizen employee.

65. Defendants failed to disclose to Dr. Yacyshyn the limitations of his rights as a non-U.S. citizen employee.

66. Dr. Yacyshyn reasonably relied on the oral and written descriptions as accurate and adequate descriptions of the position.

67. Dr. Yacyshyn accepted this position based on these representations, at a substantial personal and economic cost. Dr. Yacyshyn accepted this position relying on the assurances made to him that a long term career with enhanced research capabilities and exposure would result from this position.

68. The failure to disclose the severely limited rights that the Defendants believe are applicable to Dr. Yacyshyn is material.

69. Defendants' failed to exercise reasonable care and competence in communicating the details of the position to Dr. Yacyshyn was material.

70. Had the VAMC or UHC disclosed the fact that Dr. Yacyshyn could have his Medical Staff Privileges adversely affected without a hearing, and the other limited rights given to a part time employee or a non-U.S. citizen, Dr. Yacyshyn would not have accepted the position at the VAMC and UHC.

71. As a result of the failure to disclose adequately the rights of Dr. Yacyshyn's employment, and by virtue of Dr. Yacyshyn's reliance upon the representations made to him, Dr. Yacyshyn was induced to accept the position.

72. As a result of the fraudulent inducement and/or negligent misrepresentation, Dr. Yacyshyn suffered damages.

## COUNT VI

## BREACH OF CONTRACT

73. Plaintiff incorporates by reference paragraphs 1 through 72 above.

74. The Agreement was binding upon UPI, as the Practice Plan for the UHC Department of Medicine.

75. The termination of Dr. Yacyshyn by UPI on the basis that he was a "at will employee" is contradicted by the regulations of the VAMC, also a party to the Agreement.

76. The termination of Dr. Yachyshyn by UPI was a breach of the employment relationship with Dr. Yacyshyn as set forth in the Agreement.

77. As the result of such breach, Dr. Yacyshyn has suffered damages.

**WHEREFORE** Plaintiff demands:

1) That the Court adjudge and declare that:

   a. Dr. Yacyshyn is a full-time employee of Defendants under Title 38 of the United States Code and is entitled to all due process and other rights bestowed upon full-time employees; and,

   b. That UPI must comply with the rules and regulations regarding employment applicable to the VAMC.

   c. 38 U.S.C. §§7402(c), 7405 and the VAMC's implementing regulations, bylaws, and guidelines are violative of the 5th Amendment of the United States Constitution.

2) Monetary damages against UHC on Plaintiff's claim for Fraudulent Inducement and Negligent Misrepresentation for an amount to be proven at trial.

3) Monetary damages against UPI and UHC on Plaintiff's claim for breach of contract.

4) That the VAMC be enjoined from making any adverse report to the National Practitioner Data Bank or any other reporting entity.

Plaintiff further demands such other and further or different relief as the Court may deem just and proper, together with an award of its costs, attorney fees, and pre-judgment and post-judgment interest for pursuing this relief.

Respectfully submitted,

_____
Michael J. Jordan (#0026873)
email: mjordan@walterhav.com
John E. Schiller (0024677)
WALTER & HAVERFIELD LLP
1301 East Ninth Street, Suite 3500
Cleveland, Ohio 44114-1821
(216) 781-1212
(216) 575-0911 (facsimile)
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

_____
Michael J. Jordan (#0026873)

420893-2

## CERTIFICATE OF SERVICE

This notifies the parties that a true and accurate copy of the foregoing First Amended Complaint and Demand for Jury Trial was served by ordinary U.S. Mail upon the following on this 22nd day of July, 2005, and was also electronically filed on this same date:

William J. Kopp
Assistant U.S. Attorney
United States Court House
801 W. Superior Avenue, Suite 400
Cleveland, OH 44113

Attorneys for Anthony J. Principi
And Louis Stokes Veterans Affairs
Medical Center

Thomas D. Lambros
Andrew J. Dorman
Charles C. Spagnoli
Janick & Dorman, LLP
9200 South Hill Blvd., #300
Cleveland, OH 44147

Attorneys for University Physicians, Inc.

Anthony J. O'Malley
Vorys, Sater, Seymour & Pease LLP
One Cleveland Center
1375 East Ninth Street, Suite 2100
Cleveland, OH 44114

Attorneys for University Hospitals
of Cleveland

_____
Michael J. Jordan (Reg. No. 0026873)

420893-2

14